# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 27, 2010 Session

## STATE OF TENNESSEE v. DAVID LYNN SISK

**Appeal from the Circuit Court for Cocke County**
**No. 0362     Ben W. Hooper, II, Judge**

---

**No. E2009-00320-CCA-R3-CD - Filed September 8, 2010**

---

D. KELLY THOMAS, JR., J., dissenting in part and concurring in part.

I respectfully dissent from the majority's holding that the evidence is insufficient to support the Defendant's convictions. The evidence at trial established that the Defendant lived across the street and two houses down from the victims' burglarized home. A partially smoked cigarette was found inside the victims' home, and subsequent DNA testing established that the Defendant's DNA was present on the cigarette. Detective Grooms described the cigarette as not being crumpled and stated that the cigarette looked as if it had been partially smoked and then forgotten inside the house. Detective Grooms rejected the idea that the cigarette was tracked into the house from the street and stated that the cigarette appeared to have been placed in the house by the perpetrator. When asked on cross-examination whether a cigarette could stick to a person's shoe, Detective Grooms stated that he has never had a cigarette stick to his shoe. When officers attempted to apprehend the Defendant at his house, the Defendant, who was sitting on his front porch, ran from the officers. The Defendant was found ten minutes later. Given the presence of the Defendant's DNA on the cigarette, the condition and location of the cigarette, and the Defendant's flight to avoid contact with law enforcement, a reasonable jury could conclude that the Defendant was guilty beyond a reasonable doubt. The aforementioned evidence, coupled with Detective Grooms's testimony, excludes every reasonable hypothesis other than guilt.

I concur with the majority's opinion that the Defendant's conviction of theft of property valued $1,000 or more but less than $10,000 must be dismissed as the indictments for theft were impermissibly multiplicitous. I further concur that the Defendant was erroneously classified as a career offender. Respectfully, I would affirm the convictions for

aggravated burglary and theft of property valued $10,000 or more but less than $60,000 and remand for resentencing.

_____

D. KELLY THOMAS, JR., JUDGE